■ R. C. F. MAUTONE, Appellant, v. BROADVIEW MANOR, INC., Respondent, et al., Defendant.— In an action to foreclose a mechanic's lien, in which defendant Broadview Manor, Inc., the owner of the real property, interposed a counterclaim for $12,000, based on the alleged willful exaggeration by plaintiff of the amount of his lien, the plaintiff appeals from a judgment of the Supreme Court, Westchester County, rendered January 12, 1959, after trial, which *inter alia* dismissed the complaint on the merits and vacated the mechanic's lien. Judgment reversed on the facts and new trial granted, with costs to plaintiff to abide the event. Trial was had on Monday, December 15, 1958, although the plaintiff's attorney had withdrawn the preceding Friday. Plaintiff, a layman, endeavored to present his own case. He relied on a written agreement in which

it was provided that his salary would be determined by agreement of a corporation and its four stockholders. Throughout the attempts of plaintiff as a witness to establish his case he was interrupted by the gratuitous observations of the attorney for the defendant owner. Plaintiff's attempts to show the agreement as to salary, made in accordance with the written agreement, were rendered abortive by said attorney's objections based on the parol evidence rule. Such objections were sustained although the parol evidence rule is obviously inapplicable. The said attorney then addressed to plaintiff a series of queries as to whether he had any further proof. The court did not believe that the plaintiff could show more than the written contract in evidence. Plaintiff became bewildered and confused. His repeated requests for an adjournment were ignored by the court. In the interests of justice there should be a new trial. Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.